[Civ. No. 15545.  First Dist., Div. Two.  Dec. 8, 1953.]

THOMAS J. CALLAN et al., Plaintiffs and Respondents, v. THE CITY OF SAN BRUNO, Defendant and Respondent; B. C. CHAPMAN et al., Interveners and Appellants.

Kirkbride, Wilson, Harzfeld & Wallace for Appellants.

Michael Aaronson and Melvin E. Cohn for Respondents.

NOURSE, P. J.—The case presented on this appeal is without legal precedent. Counsel for both parties have searched diligently for authorities in point, but without success. On our review of the record we are inclined to the view that, on general principles, the trial court reached a reasonable and sound conclusion of the case on the merits.

The Callans brought this action to quiet title to two lots in the city of San Bruno, which they had purchased at a delinquent tax sale from the county of San Mateo. This was in the year 1929 and the sale was for delinquent general taxes of 1923 and subsequent delinquencies. No question is made of the propriety of the sale or of the validity of the tax deed.

The Chapmans rely on the purchase at a private sale from the city of San Bruno, in its proprietary capacity, of the same lots, the sale having been made pursuant to a declaration of delinquent municipal taxes. The sale to the Chapmans followed an option agreement between them and the city providing that "if and when" the city should acquire clear title it would make the sale. Such a sale was made by deed dated January 24, 1945. This was more than 15 years after the sale by the county of San Mateo to the Callans.

On the evidence the trial court found that the sale by the county of San Mateo to the Callans was valid; that the sale by the city of San Bruno to the Chapmans was invalid; and that there were delinquent taxes due the city of San Bruno. Judgment was entered giving clear title to the property to the Callans; denying any interest therein to the Chapmans, but awarding them a money judgment against the city of San Bruno in the sum of $1,000 paid by them to the city on the illegal sale and $281.64 paid by them to the city by way

of taxes. The city of San Bruno was then awarded judgment against the Callans in the sum of $763.05 covering unpaid municipal taxes on the property to and including the year 1951-1952.

The so-called "parity" rule relied on in *Monheit* v. *Cigna,* 28 Cal.2d 19 [168 P.2d 965, 167 A.L.R. 995], and *Elbert, Ltd.,* v. *Nolan,* 32 Cal.2d 610 [197 P.2d 537], is not applicable here because the rights of the parties do not stem from deeds of two separate taxing agencies made pursuant to foreclosure of two separate taxing liens. Here the respondents rely upon a tax sale made in 1929, approximately 15 years prior to a private sale made by the city of San Bruno at a time when it had no legal title to convey. As said in the Elbert case, *supra,* page 615, the "disparity" is clear "where the controversy involves the status of an *unforeclosed lien* as against the 'subsequent transaction' of a *title claim* pursuant to a *tax deed.*"

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.